*603 OPINION.
Love:
The evidence is clear and uncontroverted that the Commissioner reduced by the aggregate amount of $83,519.51 the depreciation originally claimed by the petitioner in the years 1909 to 1916, inclusive, and that this sum was added to income and taxes assessed thereon. The petitioner’s claim is, that it should be restored to surplus and invested capital thereby increased in the years now under consideration.
Upon the facts thus far stated, that contention appears to be sound. The respondent, however, alleges in his supplemental answer that the total depreciated value of petitioner’s property was not in excess of the book value on January 1, of each of the years here under consideration, respectively, and that the excessive depreciation taken in the years from 1909 to 1916, was less than the depreciation sustained and not written off prior to 1909. The petitioner *604 contends that these are affirmative defenses, the burden of proving which is on the respondent.
It is unnecessary to pass upon this claim of petitioner. The evidence offered by petitioner in depositions shows that prior to 1909 the depreciation of its property was made good by charging renewals and certain additions and betterments to expenses. This evidence is sufficient to satisfy us that the cost of such renewals, and additions and betterments, was at least equal to the depreciation that occurred in that period.
Judgment will be entered on 15 dags’ notice, under Rule 50.
Considered by Teussell, Smith, and LittletoN.